UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID DAY,

    Plaintiff,

vs.                                      Case No. 8:16-cv-2480-T-27AEP

BARNETT OUTDOORS, LLC,
SYNERGY OUTDOORS, LLC, and
WILDGAME INNOVATIONS, LLC,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's Unopposed Motion to Seal (Dkt. 30), and Defendant Barnett's Brief Regarding Plaintiff's Motion for Leave to File Under Seal (Dkt. 32). Upon consideration, the Motion (Dkt. 30) is **DENIED** *without prejudice*.

Trial courts have the inherent authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Decisions on motions to seal must balance the public's common law right of access against the interests favoring confidentiality. *See id.* at 597-99. The common law right of access is implicated by any pretrial motion that requires judicial resolution of the merits, including summary judgment motions, motions in limine, and *Daubert* motions, and can be overcome only by a showing of "good cause." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-12 (11th Cir. 2001) (per curiam).[1]

---

[1] *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."); *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012) (per curiam) (*Daubert* materials);

1

The decision to seal is the trial court's prerogative, not the parties'. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). The right to file a document under seal does not automatically follow a confidentiality designation. *See id.* at 548 (denying renewed, joint motion to place documents under seal, and directing that the parties must offer legal justification for placing documents under seal).

The "good cause" standard requires the trial court to "balance the respective interests of the parties." *Chicago Tribune*, 263 F.3d at 1313. Whether good cause exists depends on the nature and character of the information in question. *Romero*, 480 F.3d at 1246. In balancing the public interest in access to court documents against a party's interest in keeping the information confidential, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (citations omitted).

The Local Rules for the Middle District of Florida also prescribe the contents of a motion to seal. The movant must include:

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

M.D. Fla. Local Rule 1.09(a).

---

*Rushford v. New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988) (summary judgment motions).

Plaintiff's motion to seal fails to comply with Local Rule 1.09(a). *See* (Dkt. 37). The motion identifies each item proposed for sealing, states that the reason for sealing is a confidentiality agreement between the parties (which is not a legal basis for sealing), and proposes a one year duration for the seal. (*Id.*). It does not explain the reason why filing each item is necessary, explain the reason why a means other than sealing, such as redaction, is unavailable, or provide a memorandum of legal authority in support of sealing. (*Id.*).

Accordingly, the motion to seal (Dkt. 30) is **DENIED** *without prejudice*. Counsel for Plaintiff and counsel for Barnett shall confer in person or via telephone before either party files another motion to seal. If a party files a motion to seal exhibits to the summary judgment motions and/or responses, it shall be filed by **5:00 p.m. EDT on August 11, 2017**. The response to the motion to seal, if any, shall be filed by **5:00 p.m. EDT on August 16, 2017**. Any motion to seal must comply with Local Rule 1.09.

**DONE AND ORDERED** this 8th day of August, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record