IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID DAY,

    Plaintiff,

v.

BARNETT OUTDOORS, LLC,
SYNERGY OUTDOORS, LLC, and
WILDGAME INNOVATIONS, LLC,

    Defendants.
_____/

Case No. 8:16-cv-02480-T-27AEP

### PLAINTIFF'S MOTION TO SEAL AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff David Day ("Plaintiff"), and pursuant to Local Rule 1.09, files this Motion to Seal and Brief in Support, and would respectfully show unto the Court the following:

**I.**

The parties have entered into a Confidentiality Agreement regarding Plaintiff's case, and in good faith have been endeavoring to honor such confidentiality with respect to documents designated "Confidential" by Defendant Barnett.

On July 21, 2017, Plaintiff filed his Responses to Defendant Barnett's Motion for Partial Summary Judgment (Doc. 29) and Defendants Wildgame Innovations, LLC and Synergy Outdoors, LLC's Motion for Summary Judgment (Doc. 28). Plaintiff subsequently filed an Unopposed Motion to seal (Doc. 30), however, said Motion was denied (Doc. 33). In its Order denying Plaintiff's Motion, this Court allowed the parties to re-file a motion to seal

1

by 5:00 EDT on Aug. 11, 2017. (Doc. 33, p. 3) In compliance with this Court's Order, Plaintiff re-files this Motion to Seal and Brief in Support.

## II.

Rule 1.09 of the Local Rules for the U.S. District Court for the Middle District of Florida governs motions for leave to file a document under seal. Rule 1.09(a) provides in part:

> Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

Although Plaintiff files this Motion to Seal in an effort to comply with Local Rule 1.09 and the Confidentiality Agreement between the parties, Defendant Barnett has the primary interest in maintaining the confidentiality of the two documents that are the subject of this Motion. As such, the parties have collaborated in an effort to address each of the above requirements of Rule 1.09.

For the reasons set forth below, Plaintiff contends that both documents described herein are necessary and relevant to his Response to Defendant Barnett's Partial Motion for Summary Judgment. Defendant Barnett does not concede the relevance or necessity for Plaintiff to submit the subject documents in support of his opposition to Defendants' Motions for Summary Judgment. However, in the event this court deems it proper for Plaintiff to

submit the documents designated by Barnett as "Confidential," Barnett requests that the Crossbow Claims Chart and the Modification Timeline be filed under seal.

### III.

### Identification and description of each item proposed for sealing.

A.      Crossbow Claims Chart ("Chart")

Chart of thumb and/or finger injuries by users of Barnett crossbows from 2009 to the present, produced by Barnett in this case (and similar Barnett crossbow cases) marked "confidential". By way of further explanation, the Chart was produced by Barnett in response to interrogatories and requests for production (in numerous cases) for all thumb/finger injuries of individuals using Barnett crossbows where their finger inadvertently rose above the flight path. The Chart was also Barnett's response to Plaintiff's request for a corporate designee who could testify to the same subject matter (i.e. injuries sustained by crossbow user's thumb/fingers). Barnett's chosen method of responding to discovery on the issue "of other claims," was the production of the Crossbow Claims Chart. Barnett contends that the company did not maintain a list of such claims as such, but to respond to the discovery request, counsel for Barnett catalogued the claims, and included every claim, regardless of model, warnings provided, type of foregrip, etc. Barnett contends that the chart reflects every known incident involving a Barnett crossbow since the company's inception. Plaintiff disputes that claim.[1]

The Chart has now been cited by Plaintiff as Exhibit N in Doc. 29, and as Exhibit J in Doc. 28.

---

[1] Plaintiff contends that injury claims that are **not** on the claims chart are included in Barnett's 13,000 page document production. Further, that many on the claims chart are not documented in the 13,000+ pages.

B.  Modification Timeline ("Timeline")

The Timeline was prepared by Barnett engineers to detail each engineering change to the various crossbow models over time. The Timeline is identified as Exhibit L in the Appendix to Plaintiff's Response to Barnett's Motion for Partial Summary Judgment (Dkt# 29); and as Exhibit K in the Appendix to Plaintiff's Response to Defendants' Synergy Outdoors and Wildgame Innovations' Motion for Summary Judgment (Dkt# 28)

<b><u>The reason that filing each item is necessary.</u></b>

<u>Crossbow Claims Chart</u>

Plaintiff contends that the crossbow claims chart is both relevant and necessary. While Defendant asserts that the Chart is not a listing of substantially similar injuries, the testimony of Barnett's corporate representative and discovery responses suggests otherwise.

In Plaintiff's First Set of Interrogatories to Defendant Barnett, Plaintiff asked,

"**<u>Please list</u>** by date of injury, date Barnett received notice, place of injury, crossbow model, method of notification, and name of injured party/claimant, all thumb/finger injuries that were report to have occurred by an individual using any model of Barnett crossbow, of which Barnett has been made aware of from September 1, 2007 to the present."

(*See* Exhibit A – Barnett's Resp. to Pl.'s Rogs. No. 5) Barnett responded, "please see attached document production set regarding thumb injury claims and complaints." *Id.* The Chart is the **only** list of injuries that could possibly be responsive to Interrogatory No. 5.

Jackie Allen, a Barnett employee since 1998, first as a sales manager and customer service manager, and now a project manager, has been deposed as both an employee and corporate representative of Defendant Barnett. Ms. Allen has testified:

> **Q.** Everyone on this list that's identified, every name that's in the Barnett crossbow claims list is a person making a claim that their thumb or finger accidentally got into the path of the string and they got injured, right, while using a Barnett crossbow?
> **A.** Correct. (Exhibit B - 7/12/17 Deposition of Jackie Allen at 25:25-26:13)
>
> .....
>
> **Q.** You're not contending, are you, that this list is every single person that has ever reported an injury to a hand or finger to Barnett as a result of inadvertent contact with the string, are you? You're just contending that this is the only one you have records on, right?
> **A.** To my knowledge *it would be one and the same*. (*Id.* at 66:10-16) (emphasis added)
>
> .....
>
> **Q.** Weren't you one of the primary contact people that was involved in pulling the Barnett documents that related to these claims?
> **A.** Yes. (*Id.* at 69:14-17)

In another deposition, Ms. Allen testified as follows:

> **Q.** So in every incident listed on Exhibit 2 [claims chart], the individual listed sustained an injury to their finger or thumb as a result of having their finger or thumb above the flight track of their crossbow and the bowstring making contact with their finger or thumb; is that fair?
> **A.** That's correct. (Exhibit C – 5/31/17 Deposition of Jackie Allen at 69:17-71:10)

The crossbow claims chart is necessary to Plaintiff's opposition to the summary judgment motions. At the heart of Defendant's defense is that "the crossbow was safe and not defective" and that it "acted reasonably in the design, manufacture, assembly, testing... of Jackal crossbows." (*See* Doc. 9 – Def.'s Answer at ¶ 41.) The crossbow claims chart is completely relevant to the issue of Barnett's knowledge that inadequately guarded crossbows cause injury to its users, and that Barnett was on notice that its inadequately guarded crossbows, had in fact, caused injury to over 50 other Barnett crossbow users prior to Plaintiff Day's injury. Defendant contends the injuries in the Chart are isolated incidents, yet the chart shows the defect purported by Plaintiff has caused widespread injuries, of which Defendant has been aware. Further, the amount and length of notice of similar injuries the

5

Chart adduces is necessary to establish Plaintiff's punitive damages claim, which Defendant contends in its summary judgment motion.

Defendant Barnett contends it has never stated or taken the position that the incidents listed in the chart are substantially similar, as contended by Plaintiff in this Motion. Barnett disputes that the Crossbow Claims Chart is relevant, and objects to its consideration based on the grounds that the document is inadmissible hearsay. Defendant further contends it is not a business record, and Plaintiff has failed to identify a hearsay exception that would apply to allow its admission into evidence.

Barnett's claim that the Chart is attorney work product or hearsay is an attempt to prevent Plaintiff from utilizing the summary of injuries as evidence in his summary judgment response. Rather than simply respond to a valid interrogatory and discovery on the issue "of other claims," Barnett has chosen to have its attorneys compile the list. Choosing to respond in that manner should not preclude Plaintiff from using otherwise relevant and admissible information in his summary judgment response.

Further, it is worth noting that Plaintiff's counsel represents multiple plaintiffs alleging similar thumb/finger injuries sustained while using Barnett crossbows. Considering the similar factual and legal issues in each of these cases, Plaintiff's counsel propounded similar discovery requests to Defendant Barnett in each case. Barnett's claim that every injury listed in the Chart is unique due to the fact that the injuries span an eight-year period, were sustained by user's of different crossbow models, and the incidents identified occurred in varied manners while the individuals were seated, standing, walking or resting the crossbow on an object, is similar to its claim that all of the crossbow injury cases filed in the

Middle District are unique. Notwithstanding this claim, Defendant has produced the same 13,000+ pages of documents in response to discovery requests in more than a dozen individual cases. Further, Barnett designates the same two witnesses as corporate representatives in every one of the crossbow litigation cases. Not only are the same individuals identified as corporate designees in every case, Barnett has also retained the same two expert witnesses in each crossbow case. Barnett's argument that every claim in the Chart is unique belies the predominant issue in every case is whether the product was defective due to lack of adequate hand guarding (i.e. finger/thumb guards).

Modification Timeline

Plaintiff asserts that the Timeline is necessary because it provides notice, knowledge, and the feasibility of Defendant to make and apply finger guards to crossbows prior to Plaintiff's injury. Further, the Modification Timeline is evidence of the extent to which Defendant Barnett was aware of the need to add safety features for the specific purpose of protecting against thumb and finger injuries, like Plaintiff's. While Barnett does not concede the Timeline's relevance or necessity, they have offered no specific reasons contrary to those asserted by Plaintiff.

**Reason that sealing each item is necessary**

Plaintiff's desire to file these documents under seal is entirely related to the fact that Barnett has labeled such documents as "confidential" and therefore, pursuant to the

Confidentiality Agreement between the parties, Plaintiff is obligated to request that these items be filed under seal.[2]

If the Court finds that Plaintiff has made a showing of a need to file the Chart, Barnett requests that the Chart be filed under seal. Defendant contends that the Chart identifies each and every individual ever to have made a claim, including those who did so confidentially to the U.S. Consumer Products Safety Commission. Defendant contends that those individuals have not availed themselves of this Court or otherwise indicated agreement to be identified in a publicly filed document. *Shamblin v. Obama for Am.*, 2014 WL 6611006 (M.D. Fla. Nov. 21, 2014) (granting-in-part motion to seal exhibits where contact information of numerous individuals were contained in certain exhibits and the individuals had not consented to disclosure of their personal information).

As to the Timeline, Barnett contends that it contains information that is sensitive to Barnett, as its disclosure would provide detailed engineering information to Barnett's competitors. *Teledyne Instruments, Inc. v. Cairns*, 2013 WL 5874584 (M.D. Fla. Oct. 31, 2013) (granting motion for leave to file under seal where the documents at issue contained sensitive technical drawings, designs, test data, and non-public financial data that were important to Teledyne's business, Teledyne derived value from their secrecy, and there were no alternate means available to acquaint the Court with the facts other than through the use of the confidential documents). Barnett has treated the information on the Timeline as

---

[2] Plaintiff does not concede that the documents in question are necessarily sensitive in nature, as contended by Defendant Barnett. However, for the purposes of this Motion, or until the Court rules otherwise, Plaintiff feels compelled to file this Motion to Seal so as not to violate the Confidentiality Agreement. Plaintiff reserves the right to request at a later date that the Court overrule Defendant's designation of confidentiality.

confidential, similar to its engineering drawings and component pricing information. For this reason, Barnett respectfully requests that the Timeline be filed under seal.

### Other means of sealing unavailable or unsatisfactory to preserve the interest advanced by the movant

Defendant Barnett contends that simply redacting the names does not remove the confidential nature of the Chart. Barnett further contends that allowing the Chart to be publicly accessible is highly prejudicial, as it is merely a listing of the claim itself, and fails to provide a complete analysis of the varied factors that relate to each claim. For these reasons, Barnett submits that the Crossbow Claims Chart should be filed under seal.

With respect to the Timeline, it is not the type of document that would be subject to redaction. Defendant contends that all content on the Timeline is proprietary.

### Proposed duration of the seal

The parties respectfully request that the Court seal the judicial records identified above and that these records be sealed for one (1) year from the date of the Court's order, or until such other or further order of the Court.

### IV.

This Motion and the relief requested herein are sought to promote judicial economy.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that his Motion to Seal be granted and the Court order the records be sealed, and that Plaintiff have such other and further relief to which he may be justly entitled.

Respectfully submitted,

By: */s/ Don Tittle*
  DON TITTLE
  Texas Bar No. 20080200
  don@dontittlelaw.com
LAW OFFICES OF DON TITTLE, PLLC
6301 Gaston Avenue, Suite 440
Dallas, Texas 75214
(214) 522-8400 – Telephone
(214) 389-1002 - Fax
*LEAD COUNSEL*

BRENT R. BIGGER, ESQUIRE
Florida Bar No.: 823961
KNOPF | BIGGER
511 W. Bay Street, Suite 450
Tampa, FL 33606
T: (813) 609-2993
F: (813) 864-6777
Primary email: brent@knopfbigger.com
Secondary email: janice@knopfbigger.com
*LOCAL COUNSEL*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record on the 11th day of August, 2017, in accordance with the Federal Rules of Civil Procedure.

*/s/ Don Tittle*
DON TITTLE

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with defense counsel on August 11, 2017. Defendant Barnett does not oppose the relief sought in Plaintiff's Motion, but takes issue with the positions taken in Plaintiff's brief.

*/s/ Don Tittle*
DON TITTLE